UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patton Wallcoverings, Inc.
and James J. Patton,

       Plaintiffs,

v.

Rami Kseri,

       Defendant.
                                         /

Case No. 15-10407

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [16]**

This matter comes before the Court on Defendant's motion for reconsideration. Plaintiffs filed a complaint alleging defamation, defamation by implication, and tortious interference with a business relationship based on an email Defendant sent to Plaintiffs' customers. Defendant filed a motion to dismiss that the Court granted in part and denied in part. (Dkt. 14.) Specifically, the Court dismissed Plaintiffs' defamation claims but allowed their tortious interference claim to proceed. Defendant seeks reconsideration of the Court's decision to deny its motion as to the tortious interference claim. For the reasons below, the Court DENIES this motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate

a palpable defect by which the court and the parties and other parties entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Defendant's motion does not satisfy the requirements of Rule 7.1(h). Defendant has not set out a palpable defect by which the Court has been misled, but instead has merely re-hashed the arguments it previously made in its motion to dismiss. *See Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."). The Court sees no reason to address these arguments again.[1]

Defendant's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 30, 2015

---

[1] Defendant argues that Plaintiff's claim for tortious interference must be dismissed because the email only contained true statements. *See* Restatement (Second) of Torts § 772 (1979) ("One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other's contractual relation, by giving the third person (a) truthful information, or (b) honest advice within the scope of a request for the advice."). No Michigan court, however, has adopted or acknowledged this provision of the Restatement or has otherwise held that truthful information cannot form the basis of the tort. Instead, as the Court has already noted, Michigan courts apply a multi-factor approach. *See Jim-Bob, Inc. v. Mehling*, 443 N.W.2d 451, 462-63 (Mich. Ct. App. 1989). For the reasons already stated in the Court's order, Plaintiff has stated a claim under this approach.

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager