UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES J. PATTON AND PATTON
WALLCOVERINGS, INC.,                            Case No. 15-10407

       Plaintiffs,                              Honorable Nancy G. Edmunds

v.

RAMI KSERI,

       Defendant.
       _____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS [30] AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25]**

This matter comes before the Court on Plaintiffs' motion requesting that the Court dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 30.) Defendant agrees this case should be dismissed with prejudice, but requests that the Court also award it costs and attorney fees. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Local Rule 7.1(f)(2), it is hereby ORDERED that this motion will be resolved as submitted, and the hearing scheduled for April 13, 2016 is CANCELLED.

Pursuant to Rule 41(a)(2), the Court may dismiss an action at the plaintiff's request on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Fees and costs are not typically awarded when a plaintiff seeks to dismiss its case *with* prejudice. *See Smoot v. Fox*, 353 F.2d 830, 832-33 (6th Cir. 1965); *Tenn. Health Care Assoc. v. Comm., Tenn. Dept. of Health and Environ.*, 956 F.2d 270, 1992 WL 36217, at *2 (6th Cir. Feb. 26, 1992).

That is, when a plaintiff seeks voluntary dismissal with prejudice, fees and costs are generally awarded only "where exceptional circumstances call for their allowance in order to do justice" or "where they are specifically authorized by statute or provided for by agreement between the parties." *Smoot*, 353 F.2d at 832. *See also York v. Ferris State Univ.*, 36 F. Supp. 2d 976, 980 (W.D. Mich. 1998).

Here, Defendant argues that exceptional circumstances warrant an award of its costs and attorney fees. Defendant claims this case "cries out for reimbursement of attorney fees and costs" because Plaintiffs initiated this "groundless litigation out of spite." (Dkt. 32, at 2.) Defendant also argues that Mr. Patton lied during his deposition, which resulted in Defendant taking the unnecessary deposition of one of Plaintiffs' customers. (*Id.* at 2-3.) Plaintiffs, on the other hand, explain they are seeking dismissal because during discovery and in preparing their response to Defendant's motion for summary judgment, they became aware of issues that gave them "reason to believe [they] would not be meritorious with [their] claims." (Dkt. 33, at 3.) As an example, Plaintiffs point to international witnesses who are unwilling or unable to participate. (*Id.*). Having reviewed the pleadings and the entire record, the Court is not persuaded that Defendant's allegations rise to the level of "exceptional circumstances" that would warrant a deviation from the general rule.

For the above-stated reasons, Plaintiffs' motion to dismiss this case with prejudice is GRANTED without an award of damages, costs, or attorney fees to either side.[1]

SO ORDERED.

S/Nancy G. Edmunds

---

[1] The Court would also deny Defendant's request to award costs and fees pursuant to Rule 11, even if such request had been properly made. *See* Fed. R. Civ. P. 11(c)(2).

      Nancy G. Edmunds
      United States District Judge

Dated: April 6, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2016, by electronic and/or ordinary mail.

      S/Carol J. Bethel
      Case Manager